

| | |
|---|---|
| COST OK $\_\_\_\_\_ <br> **ERYON LUKE** <br> **VERSUS** <br> PAUPER FILED <br> DEPUTY CLERK OF COURT <br> **CPLACE FOREST PARK SNF, LLC** | 621493 <br> *SUIT NO.: _____   SEC. 23 <br> * <br> *19TH JUDICIAL DISTRICT COURT <br> * <br> *PARISH OF EAST BATON ROUGE <br> * <br> *STATE OF LOUISIANA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel comes and appears **ERYON LUKE**, a resident of full age of majority domiciled in the Parish of West Baton Rouge, Louisiana, hereinafter referred to as "Plaintiff", who respectfully represents and alleges as follows:

1.

This is an action arising under (1) Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C 2000e(k), (2) The Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. 2601 et seq., 29 C.F.R. Part 825, (3) Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301, et seq. The jurisdiction of the Court is founded upon 28 U.S.C. 1343 and 42 U.S.C. 200(e)-5(f)(3), and the pendent jurisdiction of the Court.

2.

Defendant is a domestic profit corporation with its domicile address in the Parish of East Baton Rouge, Louisiana that does business as Nottingham Regional Rehab Center in the State of Louisiana and the Parish of East Baton Rouge. Venue is proper in this judicial district. Defendant meets the statute requirements to qualify as an "employer" at all times material to this action.

3.

At all times material hereto, including May 25, 2012, Plaintiff was employed by Defendant in East Baton Rouge Parish, Louisiana. At the time of Plaintiff's termination, she was

REC'D C.P.   REC'D C.P.
MAY 17 2012  MAY 1 5 2013

**EXHIBIT 3**

employed by Defendant as a full time certified nursing assistant in Defendant's East Baton Rouge office located at 2828 Westfork Drive, Baton Rouge, LA 70816.

4.

On December 2nd, 2011, Plaintiff was informed she was approximately six weeks pregnant with twins after having tests conducted at Earl K. Long Medical Center. Plaintiff returned to work the following day with a certificate to return to work provided by the same physician. Said certificate to return to work stated Plaintiff was in fact able to resume work with the only restriction being no heavy lifting for two weeks. Upon returning to work on December 3rd, 2011 Plaintiff informed her supervisor directly that she was pregnant and provided her with the certificate to return to work.

5.

As a result of her pregnancy, Plaintiff alleges the following occurred which led directly to the basis of this suit:

(A) Plaintiff was called into a meeting with said supervisor and human resources manager and informed that despite the medical release she was being put on forced leave for two weeks due to her inability to lift heavy objects.

(B) At the conclusion of Plaintiff's two week leave she returned to work under normal circumstances for a few days when once again she was told by her supervisor she had to go home for a few days despite her lifting restriction being cleared.

(C) Plaintiff's supervisor only allowed her to attend work off and on until January 22, 2012. On January 23rd, 2012 Plaintiff was called by the human resources manager and informed that she needed to come pick up a packet to be put on FMLA leave.

(D) Plaintiff requested to work at the main nurse's station as a nurse dispatch as she was qualified for said position which required no heavy lifting and there was an opening available for said job.

(E) She was denied the requested position which would have allowed her to keep her job and continue working with light duty. Plaintiff was forced to take FMLA leave beginning February 14, 2012.

(F) At the time Plaintiff was under doctor's care who wrote a letter to Defendant stating there was no medical reason for the her to be put on FMLA and that she was capable of working normal hours with her only restriction being that she may not lift anything greater than 30 pounds.

(G) On February 16, 2012 Plaintiff also wrote a letter to Defendant requesting to be allowed to return to work as she felt there was sufficient light duty available for her.

(H) Plaintiff was not allowed to return to work in any capacity and was forced to use her FMLA leave while physically able to be employed.

(I) On May 23, 2012 Defendant mailed Plaintiff a letter stating her FMLA leave expires on May 24, 2012 and as such she was to be terminated effective May 25, 2012.

(J) Plaintiff contacted the human resources manager and requested additional leave but was denied any additional leave. Plaintiff was delivered of twins on June 21, 2012.

6.

At all times material to this action there has been in full force and effect a provision of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 which prohibits employment discrimination on the basis of pregnancy 42 U.S.C. 2000e(k). Plaintiff was a member of a group protected by Title VII and as such asserts her claim of pregnancy discrimination. She was qualified for the position she was currently employed at as well as being qualified for a position reassignment at the nurse's station that required lighter duty and was available at the time she was terminated. Plaintiff suffered an adverse effect on her employment when her employment was terminated and when her job was not held open for her to return to.

7.

Title VII's pregnancy related protection also provides that pregnant employees must be permitted to work as long as they are able to perform their jobs and if an employee has been absent from work as a result of a pregnancy-related condition and recovers, her employer may not require her to remain on leave until the baby's birth. On December 3rd, 2011 when Plaintiff informed her supervisor that she was pregnant and was sent home from work for two weeks, Defendant's actions of not permitting her to work was an unlawful employment practice as Plaintiff had a work release from her treating physician. Again Plaintiff was deprived of equal employment opportunity when upon her return to work at the end of the two week leave she was only allowed to work again off and on despite their being no lifting restrictions on her at this time.

8.

At all times material to this action there has been in full force and effect The Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. 2601 et seq. 29 C.F.R. 825.208 Provides an employer's designation of leave as FMLA leave must be based only on information received from the employee. Plaintiff obtained and presented to Defendant a letter from her treating physician which stated that "there is no medical reason for the patient to be put on FMLA." By placing Plaintiff on FMLA leave without sufficient information to do so, Defendant blatantly violated the act which set the stage for the termination of Plaintiff. The imposition of leave by Defendant extinguished the time under FMLA that Plaintiff would have had available to her when she had a legitimate leave request upon the birth of her children.

10.

Plaintiff also raises a claim under 29 U.S.C. 2615(a) for interference with an employee's rights under the FMLA based on a theory of involuntary leave when an employer forces an employee to take FMLA leave when the employee does not have a "serious health condition" that prevents the employee from working. Plaintiff's normal pregnancy did not qualify as a serious health condition and was therefore forced into taking FMLA leave and prevented from working. Plaintiff's cause of action ripened when she later asked for additional leave but it was denied due to the exhaustion of the leave entitlement by the improperly imposed leave.

Unlawful interference under 29 U.S.C. 2615(a) stems from the improper exhaustion of Plaintiff's rights under the act which exposed her to termination and as such Defendant is liable for such interference.

11.

Under the FMLA, once an employee's health care provider provides a statement indicating that the employee is able to return to work, the employee must be restored to her position pursuant to 29 U.S.C. 2614(a)(1). Plaintiff alleges Defendant violated the act by not reinstating Plaintiff as an employee once provided with such a written statement indicating that there was no medical reason for the patient to be put on FMLA and that she was capable of working normal hours. Upon Defendant placing Plaintiff on FMLA, they were then subject to the regulations for the act. When Plaintiff's doctor provided certification that she had no serious health condition and was able to return to work, Defendant was required by 29 C.F.R. 825.310(c) to restore Plaintiff to her position.

12.

At all times material to this action there has been in full force and effect the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301, et seq., with the purpose of said policy being to ensure that female employees who are absent from work as a result of pregnancy, childbirth, or related medical conditions are eligible for maternity leave and will be treated as any other employee who is otherwise temporarily disabled. Plaintiff alleges Defendant participated in unlawful employment practice by not allowing Plaintiff to take the maximum of four months of maternity leave she was entitled to under La. R.S. 23:342(1)(b). Plaintiff was informed her forced FMLA leave was up on May 24, 2012 and requested additional leave, Defendant engaged in employment discrimination by denying her additional leave up to four months.

13.

Plaintiff alleges Defendant also violated La R.S. 23:342(4) by refusing to temporarily transfer Plaintiff to a less strenuous or hazardous position for the duration of her pregnancy.

Plaintiff requested such accommodations, provided documentation from treating physician and such a transfer would have been reasonably accommodated.

14.

As a result of the unlawful employment practices complained of above, Plaintiff has been deprived of equal employment opportunity, has suffered emotional pain and suffering, inconveniences, mental anguish and loss of enjoyment of life.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, for including but not limited to lost wages, benefits and other compensation in the past and future and prejudgment interest on the outstanding obligation, front pay and/or reinstatement, together with compensatory and punitive damages, attorney's fees, court costs and costs as such relief as may be appropriate under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, The Family and Medical Leave Act of 1993, and Louisiana Employment Discrimination Law.

Respectfully Submitted:

_____
Victor J. Woods, Jr., (21955)
3834 New Prosperity Lane, Suite A
Addis, LA 70710
Telephone: (225) 749-8696
Facsimile: (225) 749-8396

_____
Elizabeth L. LeBlanc (32801)
3834 New Prosperity Lane, Suite A
Addis, LA 70710
Telephone: (225) 749-8696
Facsimile: (225) 749-8396

**PLEASE SERVE:**

CPLACE FOREST PARK SNF, LLC.
through its agent for service of process
C.T. CORPORATION SYSTEM
5615 Corporate Blvd., Suite 400B
Baton Rouge, La 70808

| | |
|---|---|
| **ERYON LUKE** | *SUIT NO.:_____ DIV._____ |
| **VERSUS** | *19TH JUDICIAL DISTRICT COURT |
| **CPLACE FOREST PARK SNF, LLC** | *PARISH OF EAST BATON ROUGE |
| | *STATE OF LOUISIANA |

*********************************************************************

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF WEST BATON ROUGE**

BEFORE ME, the undersigned Notary Public, personally came and appeared:

### ERYON LUKE

Who is the petitioner in the foregoing Petition for Damages, who declared that she has read the same and that all of the allegations contained therein are true and correct to the best of her knowledge, information and belief.

_____
Eryon Luke

**SWORN TO AND SUBSCRIBED** before me this 13th day of April, 2013.

_____
Elizabeth L. LeBlanc (32801)
Notary Public
Commission expires at death

FILED
EAST BATON ROUGE PARISH, LA
2013 MAY 15 AM 10:31
DEPUTY CLERK OF COURT



EBR1803037

Eryon Luko                              *NO._____ : DIV:_____
                                        *
VERSUS                                  * 19th JUDCIAL DISTRICT COURT
                                        *PARISH OF East Baton Rouge
Place Forest P/K SNF, LLC               *
                                        *STATE OF LOUISIANA

## MOTION TO PROCEED IN FORMA PAUPERIS

MOVER, Eryon Luko, is a citizen of the State of Louisiana and desires to avail herself of the benefits provided by law, especially the Louisiana Code of Civil Procedure, Articles 5181-5188, as amended, and begs leave of this Honorable Court to proceed "in forma pauperis."

MOVER further alleges that she is without means to pay costs in this action, either in advance or as they accrue, or to furnish security therefore (see attached fact sheet).

WHEREFORE, MOVER PRAYS that the Court allow her to proceed "in forma pauperis" as provided by the laws of the State of Louisiana.

Attorneys for Mover

_____
Victor J. Woods, Jr. \Bar Roll No. 21955

3834 New Prosperity Lane
Suite A
Addis, LA 70710
Telephone (225) 749-8696

STATE OF LOUISIANA
PARISH OF East Baton Rouge

BEFORE ME, personally came and appeared: Eryon Luke.
Who being duly sworn, did depose and say: That she is unable, because of her poverty and want of means to pay costs in advance or as they accrue or to furnish security therefore.

_____
Mover

SWORN TO AND SUBSCRIBED, before me, on this 18th day of April, 2013 at Addis, Louisiana.

_____
Notary Public
Victor J. Woods, Jr
Bar Roll #21955

Eryon Luke

VERSUS

Chase Forest Park

\*NO._____ : DIV:_____

\* 19th JUDCIAL DISTRICT COURT

\*PARISH OF East Baton Rouge

\*STATE OF LOUISIANA

**FACTS CONCERNING MOVER**

1. FULL NAME: Eryon R. Luke
2. ADDRESS: 3165 Randall Gray St. Brusly, LA 70719
3. TELEPHONE: (225) 610-4845
4. BIRTH DATE: 8/25/87
5. SOCIAL SECURITY NO.: ▮▮▮-▮▮-0982
6. MARIAL STATUS: Single
7. EMPLOYER'S NAME: N/A
   - ADDRESS: _____
   - TELEPHONE: _____
   - LENGTH OF EMPLOYMENT: _____
   - WAGES:\_\_\_\_\_WEEKLY\_\_\_\_\_BI-WEEKLY\_\_\_\_\_MONTHLY
8. IF MARRIED AND LIVING WITH SPOUSE:
   - SPOUSE'S NAME: _____
   - NAME AND ADDRESS OF EMPLOYER: _____
   - EARNINGS OF SPOUSE:
   - WAGES:\_\_\_\_\_WEEKLY\_\_\_\_\_BI-WEEKLY\_\_\_\_\_MONTHLY
9. ARE YOU BUYING YOUR HOME?\_\_\_\_\_YES\_\_\_X\_\_\_NO
   - IF SO, ADDRESS: _____
   - VALUE OF HOME_____ BALANCE OWED:_____
10. DO YOU OWN OR HAVE AN INTEREST IN ANY OTHER LAND?
    \_\_\_\_\_YES\_\_\_X\_\_\_NO
    IF ANSWEYER IS YES, STATE THE NATURE OF PROPERTY AND ITS VALUE:
11. DO YOU OWN OF HAVE AN INTEREST IN ANY OF THE FOLLOWING:
    - A. AUTOMOBILE   X YES \_\_\_NO   VALUE 2500.00
    - B. MOBILE HOME  \_\_\_YES X NO   VALUE_____
    - C. BOAT         \_\_\_YES X NO   VALUE_____
    - D. LIVESTOCK    \_\_\_YES X NO   VALUE_____
    - E. MACHINERY    \_\_\_YES X NO   VALUE_____
    - F. STOCKS       \_\_\_YES X NO   VALUE_____

G. BONDS ___ YES ✗ NO VALUE_____

H. CERTIFICATES OF DEPOSIT
   ___ YES ✗ NO VALUE_____

I. BANK ACCOUNTS ✗ YES ___ NO VALUE 200.00

I. SAVINGS ACCOUNTS
   ___ YES ✗ NO VALUE_____

12. IS ANYONE DEPENDENT UPON YOU FOR SUPPORT? ✗ YES ___ NO

IF YOU ANSWER IS YES, STATE TEIR NAMES, BIRTHDAES AND RELATIONSHIPS TO YOU:

Dedeaux II  Aaron Landon   6/21/12   Child
(LAST NAME),  FIRST, MIDDLE   BIRTHDATE   RELATIONSHIP

Dedeaux  Alaykia Renee  6/21/12   Child
(LAST NAME),  FIRST, MIDDLE   BIRTHDATE   RELATIONSHIP

_____
(LAST NAME),  FIRST, MIDDLE   BIRTHDATE   RELATIONSHIP

_____
(LAST NAME),  FIRST, MIDDLE   BIRTHDATE   RELATIONSHIP

13. LIST ANY DEBTS YOU MAY HAVE:

CREDITORS                          AMOUNT OWED
   None                                0

14. LIST YOUR MONTHLY LIVING EXPENSES:

EXPENSES                           AMOUNT PAID
RENT _____       0
UTILITES _____       0
TELEPPHONE ✓ _____       100.00
WATER/SEWERAGE/GAS _____       0
FOOD _____       0
HOUSEHOLD SUPPLIES _____       40.00 per month
PERSONAL & GROOMING _____       100.00 per month
LAUNDRY & CLEANING _____       75.00 per month
CAR EXPENSES _____       200.00 per month
MEDICAL & DENTAL EXPENSES __       40.00 per month

DAYCARE ✓ $80.00 a week

INSURANCE (LIFE & HEALTH) _____ 0

CLOTHING ✓ $100.00 a month

TRNASPORTATION inc $67.00 a month

15. DO YOU HAVE ANY INCOME OR ASSET (S) WHICH IS NOT SHOWN ABOVE?

　　　　YES ____ X ____ NO

IF YOUR ANSWER IS YES, EXPLAIN:

_____

_____

_____

16. Has your attorney explained to you or are you aware that it is a crime for which you could be sent to the penitentiary if you have intentionally given a false answer to any of the above?

(LSA-R.S. 14:123) __X__ yes _____ no

_Enyon Luke_
Mover

**STATE OF LOUISIANA**

**PARISH OF WEST BATON ROUGE**

BEFORE ME, the undersigned authority, personally came and appeared _Enyon Luke_, who after being duly sworn and deposed and said that _she_ is the person who furnished the information contained in the above form; that _She_ has signed same; that the information contained therein is true and correct; that this information is being furnished to the _19th Judicial District Court_ Court for the purposed of inducing a judge thereof to permit appearer to proceed in the above captioned lawsuit pursuant to LSA-C.C.P. Art 5181, et.seq.

_Enyon Luke_
Mover

SWORN TO AND SUBSCRIBED, before me, Notary Public, at _Addis_, Louisiana, on this _13th_ day of _April_, 2013.

Victor J. Woods, Jr
Bar Roll #21957

Eryon Luke

**VERSUS**

CPlace Forest Park, SNF

*NO._____ : DIV:_____

\* 19th JUDCIAL DISTRICT COURT
\*PARISH OF East Baton Rouge

\*STATE OF LOUISIANA

**ORDER**

**THE FOREGOING MOTION,** supporting affidavit and sworn facts considered, LET  Eryon Luke  be permitted to file all pleadings, appear in, and prosecute or defend this action without prior payment of costs or as they accrue, and without giving bond for costs, as provided by laws of the State of Louisiana, Code of Civil Procedure Articles 5181, et.seq., as amended.

 Baton Rouge , Louisiana on this  16  day of  May , 2013.

William A. Morvant
Judge

FILED
EAST BATON ROUGE PARISH, LA
2013 MAY 15 AM 10: 31
DEPUTY CLERK OF COURT

STATE OF LOUISIANA
PARISH OF _West Baton Rouge_

BEFORE ME, the undersigned authority, personally came and appeared _Shawn Luke_, who after being duly sworn, deposed and said:

That _She_ knows _Eryon Luke_, who is the mover in the above-captioned matter and knows _her_ financial condition, and _She_ firmly believes that _She_ is unable to pay costs in this cause in advance or as they accrue or to furnish security therefore.

_Shawn Luke_

**WITNESS**

SWORN TO AND SUBSCRIBED, before me, Notary Public, at _Pd 15_, Louisiana, on this _12th_ day of _April_, 2013.

_Victor J. Woods, V_
Notary Public
Bar Roll # 2195

FILED
EAST BATON ROUGE PARISH, LA
2013 MAY 15 AM 10:31
DEPUTY CLERK OF COURT

# CITATION

ERYON LUKE
(Plaintiff)

vs.

CPLACE FOREST PARK SNF, LLC
(Defendant)

NUMBER C621493 SECTION 23

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:  CPLACE FOREST PARK SNF, LLC.
     THROUGH
     CT CORPORATION SYSTEM

GREETINGS:

    Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

    You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

    If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

    This citation was issued by the Clerk of Court for East Baton Rouge Parish on 21-MAY-2013.



_Deputy Clerk of Court for_
Doug Welborn, Clerk of Court

Requesting Attorney: VICTOR J WOODS

Also attached are the following documents:
**PETITION FOR DAMAGES; VERIFICATION**

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**CT CORPORATION SYSTEMS:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:  $_____
MILEAGE:  $_____
TOTAL:    $_____

Deputy Sheriff

CITATION - 2425

EBR1816414

# CITATION

**ERYON LUKE**
(Plaintiff)

VS.

**CPLACE FOREST PARK SNF, LLC**
(Defendant)

NUMBER C621493 SECTION 23

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

MAY 23 2013

I made service on the named party through the CT Corporation by tendering a copy of this document to ☐ ANTOINE PIERCE ☐ CHASITY CAILLOUET ☑ TREVOR GAROUTTE

Cummings
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

TO: CPLACE FOREST PARK SNF, LLC.
THROUGH
CT CORPORATION SYSTEM

GREETINGS:

Attached to this citation is a certified copy of the petition. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 21-MAY-2013.

_Williams_
Deputy Clerk of Court for
Doug Welborn, Clerk of Court

Requesting Attorney: VICTOR J WOODS

Also attached are the following documents:
PETITION FOR DAMAGES; VERIFICATION

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____, served on the above named party as follows:

CT CORPORATION SYSTEMS: By tendering same to the within named, by handing same to _____

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:  $ _____
MILEAGE:  $ _____
TOTAL:    $ _____

_____
Deputy Sheriff

CITATION - 2425

**FILED**
MAY 24 2013

_____
DEPUTY CLERK OF COURT

EBR1768450
EBR1816414