UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERYON LUKE** | **CIVIL ACTION** |
| **VERSUS** | |
| **CPLACE FOREST PARK SNF, LLC** | **NO.: 13-00402-BAJ-EWD** |

## RULING AND ORDER

Before the Court are cross-motions for summary judgment filed by Plaintiff Eryon Luke ("Plaintiff") and Defendant CPlace Forest Park SNF, LLC, doing business as Nottingham Regional Rehab Center ("Defendant"). (Docs. 42, 44). Oral argument has been heard, (Doc. 76), and voluminous briefing has been considered, (Docs. 48, 60, 73, 83, 84). For the reasons explained herein, Defendant's **Renewed Motion for Summary Judgment (Doc. 42)** is **GRANTED** and Plaintiff's **Motion for Summary Judgment (Doc. 44)** is **DENIED** as moot.

### I.  BACKGROUND

On October 10, 2011, Defendant hired Plaintiff to work as a Certified Nursing Assistant ("CNA") at its skilled nursing rehabilitation center. (*See* Doc. 42-8 at ¶ 1); (*See* Doc. 60-7 at ¶ 1). Approximately two months later, Plaintiff learned that she was six weeks pregnant with twins. (*See* Doc. 1-2 at ¶ 4). Plaintiff immediately notified Defendant of her pregnancy by way of a doctor's note. (*Id.* at ¶ 5). The note effectively stated that Plaintiff was a high-risk pregnancy who could only continue to work if she did not engage in any "heavy lifting for two weeks." (*See* Doc. 42-4 at pp. 7—9).

1

That, according to Defendant, was not possible. (*Id.* at p. 2, ¶ 7). The CNA position, by its very nature, requires heavy lifting, and Defendant did not, at the time, have any light duty positions for Plaintiff to fill. (*Ibid.*). Plaintiff was accordingly told to go home, and not to return until she was permitted, by her doctor, to work as a CNA without restrictions. (Doc. 42-8 at ¶¶ 7—8). Ten days later, Plaintiff was medically cleared to "return to routine work duties." (Doc. 42-4 at p. 10). Plaintiff returned to work as a CNA on December 14, 2011. (Doc. 42-8 at ¶ 8).

On January 26, 2012, Plaintiff presented Defendant with a second doctor's note. (*See* Doc. 42-4 at p. 21). This note prohibited Plaintiff from lifting more than 30 pounds throughout the remainder of her pregnancy. Defendant viewed this restriction as a non-starter. Every CNA was regularly required to lift more than 30 pounds, and there was no light duty for Plaintiff to perform. (Doc. 42-8 at ¶¶ 18—20).

Plaintiff was therefore forced to take leave. She had four months pursuant to LA. STAT. ANN. § 23:342. (*Id.* at ¶ 23). Her leave began on January 23, 2012, (*id.* at ¶ 24), and expired on May 23, 2012, (*id.* at ¶ 28). On May 23, 2012, Defendant informed Plaintiff that "there was still" no light duty for her to perform and that unless she could return to full duty "she would be terminated on May 24, 2012." (*Ibid.*). On May 24, 2012, Plaintiff was fired for not being able to lift more than 30 pounds. (*Ibid.*). She was approximately seven months pregnant. Plaintiff gave birth to twins on June 21, 2012. (*Id.* at ¶ 30).

On May 15, 2013, Plaintiff filed this lawsuit alleging, *inter alia*, that Defendant's refusal to accommodate her pregnancy violated Title VII of the Civil

2

Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k).[1] (Doc. 1-2 at ¶¶ 6—7).

## II.   STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations,

---

[1] This is the only claim currently before the Court. *See* Doc. 37 at pp. 3—4.

unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. DISCUSSION

*Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1353—54 (2015) (abrogating *Urbano v. Continental Airlines, Inc.*, 138 F.3d 204 (5th Cir. 1998)), established a new test by which courts are to analyze failure to accommodate[2] claims brought by pregnant workers who seek to rely upon indirect[3] evidence to establish disparate

---

[2] Defendant asserts that *Young* does not apply to failure to accommodate claims that result in termination. *See* Doc. 42-9 at p. 6 n.8. That argument, however, has already been foreclosed by *Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 967 (5th Cir. 2016).

[3] Plaintiff asserts, in her motion for summary judgment, that she has presented direct evidence of Defendant's alleged Title VII violation. *See* Doc. 44-2 at pp. 4—6. She has not. *See Lazarou v. Mississippi State Univ.*, 549 F. App'x 275, 278 (5th Cir. 2013) (holding that direct evidence, in the context of Title VII, "includes any statement or document which shows on its face that an improper criterion served as a basis—not necessarily the sole basis, but a basis—for the adverse employment action"); Doc. 42-5 at p. 8 (wherein Defendant's Regional Director of Human Resources, Donna Duplantis, admits that, at all times relevant to this Ruling and Order, Defendant did not have a policy governing employees who could only perform light work). Moreover, Plaintiff's reliance on *Deneen v. Nw. Airlines, Inc.*, 132 F.3d 431 (8th Cir. 1998), and *Carney v. Martin Luther Home, Inc.*, 824 F.2d 643 (8th Cir. 1987), is misplaced. The plaintiff in *Deneen* was an airline customer service agent who, upon learning she was pregnant, was told not to return to work until she was cleared to lift luggage weighing up to 75 pounds. *See Deneen*, 132 F.3d at 434. She, unlike Plaintiff, "had not previously been [made] aware that she would have to comply with any particular lifting requirements" and believed that she could, throughout her pregnancy, fulfill "most of" her employment-related obligations. *See id.*; Doc. 60-2 at 117:10—12 (wherein Plaintiff admits that she could not, while pregnant, fulfill her employment-

treatment[4] in violation of Title VII. Under *Young*, the pregnant worker must first make out a prima facie case by establishing: (1) that she belongs to the protected class, (2) that she sought an accommodation, (3) that the employer did not accommodate her, and (4) that the employer accommodated others similar in their ability or inability to work. *Id.* at 1354. If all four of these elements are met, the employer must articulate at least one legitimate, nondiscriminatory reason for "denying [the pregnant worker] her accommodation." *Ibid.* (internal quotations and citations omitted). If the employer offers a legitimate, nondiscriminatory reason for denying the pregnant worker her accommodation, the pregnant worker must show that the employer's proffered reason is "in fact pretextual." *Ibid.* Where a pregnant worker produces "evidence that the employer accommodates a large percentage of

---

related obligations); Doc. 60-7 at ¶ 18 (wherein Plaintiff admits that her "physical restrictions . . . prevented her from performing the duties of a CNA"). The plaintiff in *Carney* was a houseparent/adult services trainer at an intermediate care facility who, four and a half months into her pregnancy, was involuntarily placed on medical leave based solely upon a doctor's recommendation that she not engage in any "inordinate lifting." *See Carney*, 824 F.2d at 644 n.2, 644—45. She, unlike Plaintiff, did not seek, and in fact asserted that the doctor's recommendation did not warrant, a pregnancy-related accommodation. *See id.* at 645; Doc. 1-2 at ¶ 5 (D) (wherein Plaintiff asserts that, upon learning she was pregnant, she "requested to work at the main nurse's station as a nurse dispatch . . . which required no heavy lifting"). There is furthermore no evidence, as there was in *Carney*, that Defendant accommodated "other employees with similar restrictions . . . ." *See Carney*, 824 F.2d at 645; Doc. 42-4 at ¶ 5 (wherein Defendant's Human Resources Payroll Manager asserts that, at all times relevant to this Ruling and Order, Defendant did not "offer 'light duty' positions to [any of its] employees"); Doc. 60-2 at 85:22—24 (wherein Plaintiff admits that she is unaware of Defendant having ever provided another CNA with her sought-after accommodation).

[4] The evidence in the record makes clear that Plaintiff does not seek to raise a claim of disparate impact. *See Stout v. Baxter Healthcare Corp.*, 282 F.3d 856, 860 (5th Cir. 2002) (noting that "[o]rdinarily, a prima facie disparate impact case requires a showing of a substantial statistical disparity between protected and non-protected workers in regards to employment or promotion") (internal quotations and citations omitted).

nonpregnant workers while failing to accommodate a large percentage of pregnant workers," summary judgment as to the issue of pretext will not lie.[5] *Ibid.*

### A. Plaintiff's Prima Facie Case

Certain elements of this case are undisputed. Plaintiff was, by virtue of her pregnancy, a member of a protected class. 42 U.S.C. § 2000e(k). Plaintiff could not, while pregnant, undertake the lifting required of a CNA. (*See* Doc. 60-2 at 98:9—12, 103:6—105:18, 117:10—12). Plaintiff sought to have Defendant accommodate her with "light duty," *i.e.*, work that would not require her to lift more than 30 pounds. Defendant declined to assign Plaintiff "light duty." (Doc. 42-8 at ¶¶ 18—20). Plaintiff thereafter filed this lawsuit alleging, *inter alia*, that Defendant's refusal to accommodate her violated Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k). (Doc. 1-2 at ¶¶ 6—7).

Plaintiff avers that she "previously worked light duty," (Doc. 60 at p. 4) (citing Doc. 60-2 at 85:22—24), and that there was "ample light duty work" for her to perform, (Doc. 60 at p. 8). Even assuming *arguendo* that is true, Plaintiff has failed to do what *Young* requires. That is, to present evidence that "light duty" was an accommodation that Defendant afforded to *others* similar in their ability or inability to work.

"Light duty" is the only accommodation that Plaintiff sought from Defendant. (Doc. 60-2 at 85:11—89:25). And with respect to that accommodation, Plaintiff has

---

[5] This is, of course, merely one of the ways in which a plaintiff can establish pretext.

failed to prove her prima facie case. Nonetheless, Plaintiff asserts that her "failure to accommodate claim is broader" than the "light duty" accommodation that she sought. (Doc. 60 at p. 3). Plaintiff believes that she could have continued to work as a CNA throughout her pregnancy if she had been afforded increased "lifting assistance and mechanical lifts." (*Id.* at pp. 4—6). To be clear: Plaintiff never sought either accommodation. But she alleges that they were both afforded to others in violation of Title VII.

It is self-evident that where, as here, Plaintiff sought a specific accommodation, her PDA claim is limited to Defendant's denial thereof. Additionally, the Court notes that with respect to the issue of "lifting assistance and mechanical lifts," Plaintiff relies exclusively[6] upon the testimony of other *pregnant* women. (Doc. 84). The PDA does not require that all pregnant women be treated equally. It simply requires that pregnant women not be treated less favorably than those *outside* of their protected class. *See Arizanovska v. Wal-Mart Stores, Inc.*, 682 F.3d 698, 703 (7th Cir. 2012); *Miles v. Dell, Inc.*, 429 F.3d 480, 490 n.7 (4th Cir. 2005); *Lawson v. City of Pleasant Grove*, No. 2:14-CV-0536-JEO, 2016 WL 2338560, at *10 (N.D. Ala. Feb. 16, 2016), *report and recommendation adopted*, No. 2:14-CV-536-KOB, 2016 WL 1719667 (N.D. Ala. Apr. 29, 2016); *Nelson v. Chattahoochee Valley Hosp. Soc.*, 731 F. Supp. 2d 1217, 1230 (M.D. Ala. 2010); *Hobbs v. Ketera Techs., Inc.*, 865 F. Supp. 2d 719, 728 n.4 (N.D.

---

[6] The Court further holds that the testimony of Belinda Glynn ("Glynn") is wholly irrelevant to this Ruling and Order. Doc. 84 at pp. 6—7. Glynn's testimony is based upon her experience as the Resident Care Director at a facility by the name of Amber Terrace. Doc. 84-3 at 11:4—13:4. Defendant has never owned or operated Amber Terrace. Defendant merely manages "Nottingham Regional Rehabilitation Center pursuant to a Property Management Agreement with LA Management Holdings, LLC." Doc. 47-1 at p. 20.

Tex. 2012); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1309 (N.D. Ga. 2009); *cf. Newport News Shipbuilding & Dry Dock Co. v. E.E.O.C.*, 462 U.S. 669, 690 (1983) (noting that the PDA was intended to ensure that "working women are not treated differently *because of pregnancy*") (emphasis added).

## B.   Final Observations

"The PDA was enacted to overrule the Supreme Court's decision in *General Electric Co. v. Gilbert*, 429 U.S. 125 (1976), which . . . held that excluding pregnancy from a list of nonoccupational disabilities covered by an employer's disability benefits plan did not amount to discrimination on the basis of sex." *Hall v. Nalco Co.*, 534 F.3d 644, 647 (7th Cir. 2008). In doing so, the United States Congress turned pregnant women into a protected class.

Unfortunately, this case highlights a prominent gap in the PDA. As many as 10 percent of pregnancies are considered high-risk.[7] They too deserve to be protected, not merely as a matter of law, but also as a matter of fact. Courts are generally not in the business of making law, and the Court will not venture to do so here. Still, one cannot ignore that "pregnancy, from a biological standpoint, is unlike any other condition and has no equal comparator." Rubeena Sachdev, *How to Protect Pregnancy in the Workplace*, 50 U.S.F. L. REV. 333, 334 (2016). No pregnant woman should, in 2016, be fired for being unable to lift more than 30 pounds.

---

[7] UC IRVINE HEALTH, http://www.ucirvinehealth.org/medical-services/maternity/high-risk-pregnancy/.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Renewed Motion for Summary Judgment (Doc. 42)** is **GRANTED**, and Plaintiff's Title VII claim, (Doc. 1-2 at ¶¶ 6—7),[8] is **DISMISSED WITH PREJUDICE** pursuant to Rule 56.

**IT IS FURTHER ORDERED** that **Plaintiff's Motion for Summary Judgment (Doc. 44)** is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant's **Joint Motion to Consolidate (Doc. 74)** is **DENIED** pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS FURTHER ORDERED** that Defendant's **Motion to Strike Plaintiff's Supplemental Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment (Doc. 85)** is **DENIED** as moot.

**IT IS FURTHER ORDERED** that **Plaintiff's Ex Parte Combined Motion to Withdraw/Strike Previously Filed Pleadings, and Substitute Attached Pleadings for Same (Doc. 86)** is **DENIED** as moot.

Baton Rouge, Louisiana, this 8th day of August, 2016.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[8] Both sides seem to suggest that Plaintiff has pled two Title VII claims. *See supra* p. 5 n.3. She has not. Plaintiff's Title VII claim is a single failure to accommodate claim. That claim is **DISMISSED WITH PREJUDICE** pursuant to Rule 56.