# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

May 24, 2019

Mr. Michael L. McConnell
Middle District of Louisiana, Baton Rouge
United States District Court
777 Florida Street
Room 139
Baton Rouge, LA 70801

     No. 16-30992     Eryon Luke v. CPlace Forest Park SNF, L.L.C.
     USDC No. 3:13-CV-402

Dear Mr. McConnell,

Enclosed is a copy of the judgment issued as the mandate and a
copy of the court's opinion.

        Sincerely,

        LYLE W. CAYCE, Clerk

        *Shea E. Pertuit*

        By: _____
        Shea E. Pertuit, Deputy Clerk
        504-310-7666

cc:
     Mr. Bruce Hamilton
     Ms. Christine S. Keenan
     Ms. Melissa Samuel
     Ms. Gillian L. Thomas
     Mr. Victor Joseph Woods Jr.

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 16-30992

_____

D.C. Docket No. 3:13-CV-402

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2019

Lyle W. Cayce
Clerk

ERYON LUKE,

      Plaintiff - Appellant

v.

CPLACE FOREST PARK SNF, L.L.C., doing business as Nottingham
Regional Rehab Center,

      Defendant - Appellee

Appeal from the United States District Court for the
Middle District of Louisiana

Before DAVIS, GRAVES, and COSTA, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and was argued by
counsel.

It is ordered and adjudged that the judgment of the District Court is
affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendant-
appellee the costs on appeal to be taxed by the Clerk of this Court.



Certified as a true copy and issued
as the mandate on **May 24, 2019**

Attest:   *Lyle W. Cayce*

**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30992

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2019

Lyle W. Cayce
Clerk

ERYON LUKE,

      Plaintiff - Appellant

v.

CPLACE FOREST PARK SNF, L.L.C., doing business as Nottingham
Regional Rehab Center,

      Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-402

Before DAVIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

    The district court granted summary judgment dismissing Eryon Luke's pregnancy discrimination claim. Because Luke has not presented evidence that would allow a jury to discredit the employer's nondiscriminatory reason for firing her, we AFFIRM.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30992

## I.

Luke was a Certified Nursing Assistant (CNA) at a skilled nursing rehabilitation center owned by CPlace Forest Park. When she learned that she was pregnant with twins, she told CPlace the good news through a doctor's note. The note informed CPlace that she could continue working only if she did not engage in heavy lifting for two weeks. Luke was given work that did not involve heavy lifting by the weekend shift supervisor for two days, but when the human resource manager returned, the manager sent her home.

About ten days after the first note, Luke presented a second note from her doctor that cleared her for work with no restrictions. She was back on the job for about a month and a half before she presented a second doctor's note that said she should not lift more than thirty pounds for the duration of her pregnancy. CPlace said that it could not abide this, that all the CNAs regularly had to lift more than thirty pounds, and that there was no light duty work available for Luke. As a result, Luke took the pregnancy leave (up to four months) she is entitled to under Louisiana law. LA. STAT. § 23:342(2)(b).

About a month into her leave, Luke wrote a letter to CPlace telling them that she would like to return to work and that she "was able to perform all of my duties except lifting patients." She wrote, "I ask that you work with me and allow my supervisors to make reasonable adjustments to the type of work I am able to perform while under doctor's care."

When four months were up, CPlace told Luke that she was still "unable to return to work" and fired her. She gave birth to her twins one month later.

Luke sued CPlace, but the district court entered summary judgment against her. While her appeal was pending, the Supreme Court decided *Young v. United Parcel Service, Inc.*, 135 S. Ct. 1338 (2015). In light of *Young*, we vacated and remanded for reconsideration by the district court. *Luke v. CPlace Forest Park SNF, L.L.C.*, 608 F. App'x 246 (5th Cir. 2015) (per curiam). The

No. 16-30992

district court entered summary judgment again, finding that Luke did not make out a prima facie case of discrimination. This appeal followed.

## II.

Luke relies only on indirect evidence to support her claim. *Young* authorized use of the *McDonnell Douglas* burden shifting framework to determine when such circumstantial evidence is enough to defeat summary judgment in a case alleging that denial of an accommodation violated the Pregnancy Discrimination Act. *Young*, 135 S. Ct. at 1353–54. The plaintiff bears the initial burden of making out a prima facie case "by showing that she belongs to the protected class, that she sought accommodation, that the employer did not accommodate her, and that the employer did accommodate others 'similar in their ability or inability to work.'" *Id.* at 1354 (citing 42 U.S.C. § 2000e(k)). If she does, the "employer may then seek to justify its refusal to accommodate the plaintiff by relying on 'legitimate nondiscriminatory' reasons for denying her accommodation." *Id.* (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). If the employer offers that justification, the onus returns to the employee to show that the reasons given by the employer were not its true reasons but a pretext for discrimination. *Id.*; *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000).

The parties focus on the first step of this inquiry, as the district court held that Luke could not make out a prima face case. Our review of a summary judgment, however, is not limited to the rationale of the district court and we may affirm on any ground supported by the record. *See Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 258 (5th Cir.2001). In addition to defending the district court's rationale, CPlace argues that we can affirm on the alternative ground that it offers a nondiscriminatory reason—Luke's inability to perform an essential aspect of her job—that the evidence does not

3

No. 16-30992

undermine.  Because we agree that Luke does not point to any evidence that casts doubt on CPlace's justification, we affirm on that ultimate question without deciding whether she established a prima facie case.  *See, e.g., Diggs v. Burlington Northern & Sante Fe Ry. Co.*, 742 F. App'x 1, 4 (5th Cir. 2018); *Lay v. Singing River Health Sys.*, 694 F. App'x 248, 254 (5th Cir. 2017); *Easterling v. Tensas Parish Sch. Bd.*, 682 F. App'x 318, 322 (5th Cir. 2017) (all assuming *arguendo* that the plaintiff could establish a prima facie *McDonnell Douglas* case in affirming grants of summary judgment because plaintiff did not offer evidence of pretext); *see also Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 493–94 (D.C. Cir. 2008) (Kavanaugh, J.) (recommending that courts focus on the pretext stage if the employer has identified a nondiscriminatory reason for the employment action).

CPlace asserts that it fired Luke because being able to lift more than thirty-five pounds was essential to the job so certified nurses could lift residents when needed.  It further contends that it did not offer light duty positions to its nurses.

Luke does not point to evidence that casts doubt on this explanation.  *See Willis v. Cleco Corp.*, 749 F.3d 314, 318 (5th Cir. 2014).  She tries to show that other workers were given accommodations that involved less lifting.  But this involved receiving help from coworkers when lifting, and there is no indication that the employer directed these ad hoc accommodations.  Whether the *employer* engaged in disparate treatment is the question when evaluating whether its nondiscriminatory explanation should be discredited because it has not been consistently applied.  *Cf. Rios v. Rossotti*, 252 F.3d 375, 381 (5th Cir. 2001) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring) (explaining why statements from nondecisionmakers do not help a plaintiff unless she can show the employer was acting as a cat's paw for that coworker)).  More fundamentally, none of the

4

No. 16-30992

workers who allegedly received these accommodations were, like Luke, under a doctor's orders not to engage in heavy lifting. Notably, when Luke's doctor cleared her for work after lifting the initial restriction, Luke was allowed to return. It was only after the doctor again restricted her that Luke was not allowed to work. Because Luke has not pointed to any other CNAs who were accommodated when they had a similar medical restriction on heavy lifting, there is not evidence that would allow a jury to conclude that CPlace is insincere when it says that such lifting is an essential part of the job. *Contrast Young*, 135 S. Ct. at 1355 ("[W]hy, when the employer accommodated so many, could it not accommodate pregnant women as well?").

\* \* \*

We AFFIRM the judgment of the district court. We also DENY Luke's motion to file a supplemental brief after oral argument as both parties were afforded the full process of briefing and argument.